UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CORTEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY RAGAN,<br><br>        Defendant. | No. 2:17-cv-01314-TLN-DB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Gary Ragan's ("Defendant") Notice of Removal. (ECF No. 1.) Defendant also filed a motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

On May 26, 2017, Plaintiff Robert Cortez ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Sacramento. (Not. of Removal, ECF No. 1.) The complaint alleged that on May 22, 2017, Defendant failed to comply with a 30-day notice to quit the premises. (ECF No. 1 at 10.) On June 27, 2017, Defendant filed a Notice of Removal in the United States District Court, Eastern District of California. (ECF No. 1.) Defendant does not allege the basis for this Court's jurisdiction. (*See* ECF No. 1.) Defendant does allege that he "believe[s] [his] Constitutional Rights were violated because of Cortez's ways he does business." (ECF No. 1 at 4.)

1

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Defendant alleges his constitutional rights were violated by his landlord's actions. (ECF No. 1 at 4.) The Court construes Defendant's statements as alleging jurisdiction under 28 U.S.C. § 1441. Defendant does not discuss any of the requirements for jurisdiction under Section 1441 — namely that the Court would have original jurisdiction if the action was originally filed in federal court. Accordingly, Defendant has failed to meet his burden of establishing the Court's jurisdiction. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento. Additionally, the Court has reviewed Defendant's motion for in forma pauperis status (ECF No. 2), and finds that Defendant meets the requisite standard. As such, Defendant's motion for in forma pauperis status is hereby GRANTED.

IT IS SO ORDERED.

Dated: June 27, 2017

Troy L. Nunley
United States District Judge